State vs Francis.

No. 9706.

THE STATE OF LOUISIANA VS. JOSEPH FRANCIS.

An appeal taken in a criminal case and made returnable within ten days after the order of
appeal is granted, will be dismissed if the transcript of appeal is not filed on the return
day, or within three judicial days thereafter. Sec. 4, act 30 of 1878; State vs. Butler,
35 Ann. 392.

APPEAL from the Twenty-first District Court, Parish of Iberia.
Gates, J.

M. J. Cunningham, Attorney General, for the State, Appellee.

A. Fontelieu, L. O. Hacker and C. O. Delahoussaye for Defendant and
Appellant.

The opinion of the Court was delivered by

WATKINS, J. Upon information the accused was charged with an
assault by wilfully shooting at one Robert Lee; and from a verdict of
"guilty," rendered on the 22d of January, 1886, he prosecutes this
appeal.

ON MOTION TO DISMISS.

In this Court a motion is made to dismiss the appeal upon the
ground that same was granted on the 30th day of January, 1886, re-
turnable in ten days, and the transcript was not filed until the 26th of
February, 1886.

It is required by the terms of section 4 of act 30 of 1878, that ap-
peals in criminal cases *shall* be made returnable to this Court *within*
ten days after granting the order of appeal, wherever the same may be
in session.

The indorsement of the clerk of this Court shows the transcript of
appeal was only filed February 26, 1886; and, therefore, not within the
delay provided by law.

In State vs. Butler, 35 Ann. 392, this Court said: "By not filing the
transcript on the return day, or within three judicial days following it,
and by not seasonably applying for an extension within which to file
it, and not filing it in time, the defendant must be considered *juris et
de jure* as having abandoned it."

The minutes of the court appertaining to the appeal are as follows:
viz: "Motion filed and granted, for a suspensive appeal from the
above sentence, and judgment made returnable before the Supreme
Court holding sessions in New Orleans, within ten days, according to
law."

The fault is imputable to the appellant. His case does not come within the provisions of act 531 of 1839, now section 36 of Revised Statutes.

It is, therefore, ordered, adjudged and decreed, that the appeal herein taken be dismissed.